UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATASHA WALLACE,<br><br>             Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>             Defendant. | No.  2:12-cv-3075-EFB<br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for Child Insurance Benefits ("CIB") and for Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act.  The parties' cross-motions for summary judgment are pending.  For the reasons discussed below, the court grants plaintiff's motion and remands the matter for further proceedings.

I.     BACKGROUND

Plaintiff protectively filed an application for SSI and CIB on June 9, 2010, alleging she had been disabled since March 12, 2008.  Administrative Record ("AR") 120-126.  Plaintiff's application was initially denied on August 25, 2010, and upon reconsideration on February 2, 2011.  *Id.* at 70-74, 80-89.  On November 10, 2011, a hearing was held before administrative law judge ("ALJ") David Blume.  *Id.* at 44-64.  Plaintiff was represented by counsel at the hearing, at which she and a vocational expert testified.  *Id.*

1

On December 30, 2011, the ALJ issued a decision finding that plaintiff was not disabled under sections 223(d) and 1614(a)(3)(A) of the act.[1] *Id.* at 20. The ALJ made the following specific findings:

1. Born on February 27, 1987, the claimant had not attained age 22 as of March 12, 2008, the alleged onset date (20 CFR 404.102 and 404.350(a)(5)).

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq*. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq*. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

A claimant may be entitled to Disabled Child's Insurance Benefits "on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if - (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359; (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365; (3) You apply; (4) You are unmarried; and (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367." 20 C.F.R. § 404.350(a).

2

2. The claimant has not engaged in substantial gainful activity since March 12, 2008, the established onset date (20 CFR 404.1571, 416.971 *et seq.*).

3. The claimant has the following severe impairments, and had these impairments prior to age 22: obesity and borderline intellectual functioning (20 CFR 404.1520(c), 416.920(c)).

\* \* \*

4. The claimant does not have, nor prior to attaining age 22 did not have, an impairment or combination of impairments that met or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

\* \* \*

5. After careful consideration of the entire record, the undersigned finds that the claimant has, and prior to attaining age 22 had, the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except she can perform only some detailed tasks consistent with low semi-skilled work.

\* \* \*

6. The claimant has no past relevant work (20 CFR 404.1565, 416.965).

7. The claimant was born on February 27, 1987 and was 23 years old, which defined as a younger individual age 18-44, on the date that the application was filed, 21 years old on the alleged disability onset date (20 CFR 404.1563, 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564, 416.964).

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568, 416.968).

10. Prior to attaining age 22, and now, considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969 and 416.969(a)).

*Id.* at 13-19.

Plaintiff requested that the Appeals Council review the ALJ's decision, and on October 24, 2012, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-3.

/////

/////

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that she satisfies the "paragraph C" criteria for listing 12.05 -- mental retardation. The listing "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." The listing can be met by demonstrating "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Thus, plaintiff would meet the listing if (1) she has a valid IQ score between 60 and 70, (2) the evidence demonstrates or supports onset of the impairment before age 22, and (3) she has a physical or other mental impairment imposing an additional and significant work-related limitation of function. The ALJ determined that plaintiff did not meet the

"paragraph C" criteria for listing 12.05 because she "does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." AR 16.

The Commissioner concedes that plaintiff does have impairments imposing an additional and significant work-related limitation of function, and that she actually satisfies the third requirement of listing 12.05(C). ECF No. 18 at 10. Therefore, the court need only decide whether plaintiff satisfies the first two requirements of the listing, that is, whether she has a valid IQ score between 60 and 70, and whether the evidence demonstrates or supports onset of the impairment before age 22.[2] Plaintiff argues she has a valid IQ score of 68. ECF No. 17 at 8. Indeed, an October 26, 2011 psychological evaluation done by Dr. Michelina Regazzi documents plaintiff's IQ score as 68. AR 234. The Commissioner argues that this is not a "valid" IQ score as required by the listing. ECF No. 18 at 14. As set forth below, the ALJ's decision on this issue is ambiguous.

The ALJ did not expressly find that the IQ score was invalid, but suggested that the score was inconsistent with plaintiff's work history, and gave little weight to Dr. Regazzi's findings:

> Psychological testing conducted by psychologist Dr. Michelina Regazzi showed a Full Scale IQ of 68, borderline intellectual functioning. However, the claimant also reported prior work[ ] . . . as a hand-stamper for Chuck-E-Cheese (laid off after one year), booking appointments for vacation resorts for Trend West (temporary position ended), and doing in-home care (lasted six months), for none of which were her mental symptoms limiting her performance.
>
> * * *
>
> Standard psychological testing showed a Full Scale IQ of 68, borderline intellectual functioning, low average reading ability, average spelling skills, arithmetic skills borderline low. Dr. Regazzi diagnosed depressive disorder not otherwise specified, borderline intellectual functioning. Dr. Regazzi opined the claimant faced marked impairments in the capacity to understand, remember and

---

[2] As plaintiff notes, this court has agreed with others that an adult IQ score creates a rebuttable presumption that the impairment existed before the age of 22. *See Woods v. Astrue*, No. CIV. S-10-2031-GEB-EFB, 2012 U.S. Dist. LEXIS 30211, at *10-12 (E.D. Cal. Mar. 7, 2012) ("Absent some evidence of a change in cognitive ability or some other persuasive information to account for a change in condition relating to the plaintiff's ability prior to age 22 and the date of the IQ testing, there appears to be no factual basis for concluding that the IQ inexplicably dropped after age 22").

5

> carry out simple and complex instructions, and deal with changes in a routing work setting. She opined the claimant faced moderate impairments in all other working tasks.
>
> I give this opinion little weight. It is not supported by the scholastic records reviewed above, nor the part-time semiskilled work history the claimant has reported. It is inconsistent with the activities of daily living the claimant engages in, living alone, caring for herself, home and raising a two year old child, able to pay bills, negotiate public transportation, shop, read and crochet. It is inconsistent with the claimant's testimony that if there were a job open for her today doing telemarketing she could do it and that previous work ended due to its temporary nature rather than her impairments.

AR 15, 18-19 (citations to record omitted). While the ALJ plainly rejected Dr. Regazzi's medical opinions as to the nature of plaintiff's impairments, it is not so clear whether he also disregarded the IQ score as invalid, which is the threshold question here. *See Thresher v. Astrue*, 283 F. App'x 473, 475 & n.6 (9th Cir. 2008) ("while the ALJ pointed to the level of [plaintiff's] functioning, she did not find that the [IQ] score was invalid, and the listing does not speak to functioning — it speaks only to the IQ score itself").

The ALJ's brief explanation as to why plaintiff does not satisfy the criteria of 12.05(C) *could* be interpreted as rejecting the IQ score as invalid, as it plainly states "claimant does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." AR 16. Again, however, the ALJ's decision does not unequivocally state that the IQ score was invalid. In the reasoning that followed, the ALJ was silent as to the IQ score and focused solely on plaintiff's level of functioning. *See id.* (noting that plaintiff's "restrictions on the activities of daily living and social functioning are mild, restrictions on her capacity to concentration, persistence and pace are moderate" and her impairments "are not significantly intense, persistent nor limiting so as to impose substantial work-related limitations of function"). The court cannot assume, nor would it have been proper, for the ALJ to silently disregard the low IQ score because of other evidence in the record regarding plaintiff's level of functioning. *See Gomez v. Astrue*, 695 F. Supp. 2d 1049, 1057 (C.D. Cal. 2010) ("an ALJ should not find that 'other evidence' renders an IQ invalid without explaining how that evidence impacts the validity of the score"); *id.* ("the ALJ cannot

disregard a valid IQ simply because other evidence in the record could support a finding of nondisability in the absence of such a score").

The ALJ's decision on the issue is made even more ambiguous by his implicit acceptance of the IQ score as valid in finding that plaintiff had not met the "paragraph B" criteria of listing 12.05:

> As for the "paragraph B" criteria, they are not met because the claimant does not have a valid verbal, performance, or full scale IQ of 59 or less. Psychological testing conducted by psychologist Dr. Michelina Regazzi showed a Full Scale IQ of 68, borderline intellectual functioning.

AR 16; *see also id.* at 13 (agreeing that plaintiff has borderline intellectual functioning).

For these reasons, the record is ambiguous as to whether plaintiff has a valid verbal, performance, or full scale IQ of 60 through 70 and it was error to not properly evaluate whether plaintiff's mental impairment satisfied the "paragraph C" criteria of section 12.05. *See Gomez*, 695 F. Supp. 2d at 1061. Accordingly, remand is appropriate so that the ALJ may properly consider whether plaintiff satisfied the requirements of Listing 12.05(C). *See Thresher*, 283 F. App'x 473, 475 (remanding case so that the ALJ could consider whether plaintiff met Listing 12.05(C) and noting it was unclear "whether the ALJ came to grips with the specific requirements of the section when she issued her decision"); *Flores v. Astrue*, No. CV 11-10714-MAN, 2013 U.S. Dist. LEXIS 5367 (C.D. Cal. Jan. 11, 2013) (remanding case where ALJ's decision provided "absolutely no guidance as to how the ALJ wrestled with these [12.05(C)] issues").

IV.     CONCLUSION

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The Clerk is directed to enter judgment in plaintiff's favor; and

/////

/////

/////

/////

1  4. The matter is remanded for further proceedings consistent with this opinion.

2  DATED: March 19, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE